## GIGLIO v. TOUPS.

### No. 2057.

Court of Appeal of Louisiana. First Circuit.

Dec. 20, 1939.

Carroll Montet, of Thibodaux, for appellant.

M. A. Lottinger, of Houma, for appellee.

DORE, Judge.

This is a suit to recover damages suffered by plaintiff in a collision between his truck and defendant's automobile on or about June 2, 1938, at approximately 4 P. M. at a point near Kenner, Louisiana, on the New Orleans-Luling Highway. Plaintiff's petition alleges that at the time and date alleged plaintiff was driving his truck in a careful manner on the said highway going towards Luling at a rate of speed of about 25 miles per hour on his right hand side of the highway; that as he reached a gentle, smooth and long curve in the road he saw defendant's automobile approaching at a rate of speed inconsistent with the condition of the highway, which was wet and slippery due to prevailing rainy weather, and that said automobile was swerving from side to side on said highway, evidently out of the control of its driver, the defendant; that petitioner thereupon slackened the speed of his truck, remained on his right hand side and slowly applied his brakes, but that the defendant's automobile continued to move in an otherwise than straight line and struck the left front wheel, bumper and fender of petitioner's truck with the left rear wheel and fender of defendant's automobile, the impact causing petitioner's heavily loaded truck to slide into the ditch on his right hand side of the highway, resulting in damage to plaintiff's truck and goods itemized in the total sum of $509.85.

The defendant admits that the collision between his automobile traveling towards New Orleans and plaintiff's truck traveling in the opposite direction, towards Luling, occurred at approximately the time and place alleged, and that rainy weather prevailed and that the highway was wet and slippery; but he pleads that the collision was not due to his negligence, but to the negligence of plaintiff, and, in the alternative, if it be found that he was negligent, that plaintiff was guilty of contributory negligence of such a nature as to bar recovery. He avers that he proceeded along the said highway in a careful and prudent manner, and, as he reached a point near Kenner, Louisiana, approaching a long, winding 'S' curve, he reduced the speed of his automobile to some twenty miles an hour; and, as he was entering the first section of the said curve, an automobile traveling in the same direction as himself signaled or blew his horn to pass, and that he immediately pulled over to his extreme right hand side to permit the car to pass, and, as the car did pass, it cut in very fast, and, in order to avoid a collision, defendant immediately pulled his car more to the right or off of the black top road and applied his brakes; that in getting back on the black top road the rear wheel of defendant's car skidded a little and caused the car to swerve a little in the road, but that defendant immediately gained control of his car and proceeded on his right hand side of the road; that shortly thereafter, while he was still negotiating the curve, keeping to his right and driving about twenty miles per hour, he was met from the opposite direction by plaintiff's truck coming at an excessive rate of speed and driven in a careless and negligent manner; that when he saw the truck coming into him and realized they were going to crash, he immediately swung to his right hand side, and that, when the left front fender and wheel of the truck struck and crashed into the left rear fender and wheel of his automobile, his right front wheel was off of the black top and his rear right wheel was within six inches of the shoulder.

Assuming the position of plaintiff in reconvention, defendant alleges that his automobile was damaged by the collision in the amount of $103; that he carried fifty-dollar deductible collision insurance; that therefore he suffered a loss of $50, due to plaintiff's negligence, for which amount he prays for judgment in reconvention.

On hearing of the case, the lower court rendered judgment dismissing plaintiff's suit at his cost, and rejecting the reconventional demand of defendant. The plaintiff has appealed. The defendant has not answered the appeal, and sets forth in his brief that he has abandoned his reconventional demand.

The trial judge did not assign written reasons for his judgment, but it is obvious, since both the main and reconventional demands were rejected, that he must have found from the evidence either (1) that both plaintiff and defendant were guilty of negligence which contributed to the

accident, or (2) that neither was guilty of negligence and the accident resulted from a cause beyond their control or independent of them.

A careful review of the record reveals that there are some phases of this accident which are either admitted by both sides or clearly proved, while on other points the evidence is not only indefinite and uncertain, but is absolutely conflicting and irreconcilable.

It is clearly established that the accident occurred at the time and place alleged; that the situs' of the collision was on a gentle curve of the highway; that rainy weather prevailed at the time of the accident and the road was consequently wet and slippery; that the impact was between the left front wheel and fender of the truck and the left rear wheel and fender of defendant's automobile. We are convinced also that both the plaintiff and defendant were traveling at a reasonable rate of speed at the time of the collision and immediately prior thereto. The plaintiff, and several witnesses who were in a position to judge, testify that he was driving at the rate of about twenty miles per hour. The defendant testifies that he was driving at approximately twenty miles per hour, having been forced to apply his brakes, by a passing car, a short distance from the point of collision. His testimony is corroborated by Mr. Guidry and Mr. Seab, plaintiff's witnesses, who were driving in an automobile going in the same direction as plaintiff and about two hundred feet in the rear of plaintiff's truck. Mr. Guidry states that cars traveling ahead of defendant were going at about twenty miles an hour when they passed him and Mr. Seab. Mr. Seab testifies that the car which passed defendant was traveling about twenty-five or thirty miles an hour and was speeding up to get out of defendant's way.

It is also admitted that defendant's car swerved on the road for some distance, approximated by the witnesses at one hundred feet, prior to the crash; but, if we are to believe all the witnesses, it is impossible to determine whether or not the swerving and zigzagging of defendant's automobile continued up to the actual point of contact with plaintiff's truck, and it is also impossible to determine whether or not the crash occurred on defendant's side of the center stripe or on plaintiff's side of the center stripe. These are points on which the testimony is irreconcilable.

Nevertheless, in view of the fact that defendant's car was swaying and zigzagging from one side to the other of the road, there is an imputation of negligence on his part which must be explained in order to relieve him of liability. It seems clear from the evidence that, immediately prior to the collision, an automobile passed defendant's car from the rear, and caused him to apply his brakes and turn to his right, and that, in spite of the fact that defendant used his best judgment in the emergency, his car was thereby made to skid and zigzag on the road. It is true that defendant was unable—no doubt due to the stress under which he found himself —to obtain the license number of the passing automobile, but it is testified by plaintiff and plaintiff's witnesses that an automobile did pass the defendant from the rear as contended by defendant, and we have come to the conclusion that the passing of defendant by this automobile on a curve of a wet and slippery road created an emergency which caused defendant temporarily to lose control of his car. It cannot be said that the defendant created the emergency, or that he used poor judgment in the face of it, since it is clear from the evidence that he was driving at a moderate and reasonable rate of speed, and that when the emergency arose he used his brakes, which it must be presumed were in good order since there is no evidence to the contrary. Moreover, it cannot be said from the evidence that the defendant was under the influence of liquor or drug or in any condition but that of a normal driver faced with an emergency not of his creation.

We are therefore of the opinion that it is not shown by the evidence that the accident was caused by the negligence of the defendant. Consequently, we cannot attach liability to him, and the judgment below is affirmed.